**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MARCEL G. RIVERA KON-KIN<br><br>Plaintiff,<br>    v.<br><br>STEVEN MNUCHIN, in his official capacity as the Secretary of the U.S. Department of Treasury; CHARLES RETTIG, in his official capacity as U.S. Commissioner of Internal Revenue; DEPARTMENT OF THE TREASURY; the U.S. INTERNAL REVENUE SERVICE; the UNITED STATES OF AMERICA.<br><br> Defendants. | Civil No.<br><br><br><br>Declaratory Judgment Action and Petition for Writ of *Mandamus* |

**DECLARATORY JUDGMENT COMPLAINT AND PETITION FOR A WRIT OF *MANDAMUS***

**TO THE HONORABLE COURT:**

  Comes now the plaintiff, represented by the undersigned *pro bono* attorney, and respectfully states and prays as follows:

  This case is brought on behalf of Mr. Marcel G. Rivera Kon-Kin, an incarcerated person in Puerto Rico. As a result of the economic contraction occasioned by the COVID19, the Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act to provide all eligible persons an economic package of up to $1,200. *See* 26 U.S.C. § 6428.

  As required by the CARES Act, the distribution of the Economic Impact Payment (EIP) to the residents of Puerto Rico requires that the Puerto Rico Department of Treasury (Hacienda) submits and receives approval of an EIP distribution plan by the United States Department of Treasury. See 26 U.S.C. § 6428.2020 (i)(c)(B). On May 1, 2020, the Department of Treasury

approved the EIP Distribution Plan submitted by Hacienda, and in said plan, all incarcerated persons were classified as "ineligible persons" to receive the EIP.

In a class action complaint filed against the Department of Treasury and the Internal Revenue Service, a federal court granted a preliminary injunction enjoying these agencies from denying all incarcerated persons access to their EIP, solely because of their incarcerated status. The Court concluded that the actions to undertaken by the Department of Treasury and the IRS to deny the benefits to the incarcerated population "were contrary to law and in excess of its statutory authority", and "arbitrary and capricious". (*See* Scholl v. Mnunchin, USDC-Northern District of Cal., Case Num. 20-cv-05309 (PJH), Docket #50.) This case is final.

On December 3, 2020, Hacienda requested an amendment to the EIP Distribution Plan to follow the relief granted in Scholl v. Mnunchin, 20-cv-05309 (PJH). The amendment removes the arbitrary, capricious, illegal and arbitrary classification of "ineligible persons" to those incarcerated persons thereby allowing them to receive the EIP to which these persons are entitled under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. *See* 26 U.S.C. § 6428.

This declaratory action requests that the Court enters a judgment declaring that the Scholl v. Mnunchin orders apply equally to all incarcerated persons in Puerto Rico. A writ of *mandamus* is requested to order the Department of Treasury and the IRS to follow the injunctive measures instituted in Scholl v. Mnunchin, by approve the amendment submitted by Hacienda to the May 1, 2020, approved EIP Distribution Plan. The declaratory action and writ of *mandamus* are necessary because the filing deadline that Hacienda has established for an "eligible person" to apply for the EIP is December 31, 2020. The Department of Treasury has not approved Hacienda's proposed amendment, resulting in an immediate and palpable economic harm to this already marginalized population.

## I. JURISDICTION AND VENUE

1. Plaintiff brings this action for a declaratory judgment pursuant to 28 U.S.C. § 1331 (federal question) and Rule 57 of the Federal Rules of Civil Procedure, while a *writ of mandamus* action is pursuant to 28 U.S.C. § 1361 and Rule 21 of the Federal Rules of Civil Procedure.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1) because Defendants, for the purpose of determining a question in actual controversy related to Plaintiff's claim, if any, are officers or employees of agencies of the United States and Puerto Rico and Plaintiff resides in this district.

## II. PARTIES TO THIS ACTION

3. Plaintiff Marcel G. Rivera Kon-Kin lives at the 501 Institution of the Bayamon Correctional Facility where he is serving a sentence. He is a United States citizen and resident of Puerto Rico who has not been claimed as a dependent on anyone's else Puerto Rico's tax return. Mr. Rivera Kon-Kin did not receive an automatic EIP payment nor has he been able to file for one because the EIP Distribution Plan submitted by the Hacienda and approved by the Department of Treasury of the United States, classifies Mr. Rivera Kon-Kin, along with any other incarcerated person, as an "ineligible person" to receive the EIP solely because of his condition of incarcerated person.

4. Defendant Steven T. Mnunchin is the Secretary of the Treasury. Secretary Mnuchin exercises authority to administer and enforce the internal revenue laws and the power to create an agency to enforce these laws. He is responsible for approving the amended EIP Distributing Plan submitted by Hacienda under the CARES Act and, in his official capacity, he continues to unlawfully withhold the EIP benefits to those incarcerated persons in Puerto Rico.

5. Defendant Charles Rettig in is the United States Commissioner of Internal Revenue Service. In that capacity, he administers the application of the internal revenue laws. Defendant Rettig reports to Defendant Mnunchin and, as part of his duties, oversees the issuance of the EIP benefits under the CARES Act. In his official capacity, he continues to unlawfully withhold the EIP to those incarcerated persons in Puerto Rico.

6. Defendant U.S. Department of Treasury is an agency of the United States government. The Department of Treasury handles the approval of the EIP Distribution Plan and its amendments, as submitted by Hacienda.

7. Defendant U.S. Internal Revenue Service is a bureau of the Department of Treasury organized to carry out the responsibilities of the Secretary of Treasury under 26 U.S. sec. 7801. The IRS acts as a liaison between the Department of Treasury and Hacienda and ensures that Puerto Rico follows the approved EIP Distribution Plan.

8. Defendant United States of America is sued through its agencies, the United States Department of Treasury and US Internal Revenue Service.

### III. FACTUAL ALLEGATIONS

9. The global pandemic caused by COVID-19 has impressed the medical community because of how easily the virus transfers amongst humans, and of its lethality, two critical factors that make this unique disease an extremely worrisome one.

10. Since its first detection, public health experts have raised their voices to warn the international community about this threat. For example, on January 30, 2020, the World Health Organization declared this disease an international public health emergency, which forced the Secretary for the Department of Health and Human Services of the Unites States

to declare a national public health emergency. And just forty days later, the World Health Organization declared COVID-19 a global pandemic.

11. This pandemic had an immediate impact on the American and Puerto Rican economies. To mitigate the accelerated economic contraction, Congress passed, and President Trump signed the Coronavirus Aid, Relief and Economic Security Act, known as the CARES Act. *See* Pub. L. 116-136, 134 Stat. 281 (Mar. 27, 2020).

12. The law authorizes the disbursement of up to $1200 per eligible persons ($2400 if two persons file income tax jointly), plus an additional $500 per each dependent child, subject to an adjustment based on the eligible individual's gross income. *See* 26 U.S.C. § 6428(c).

13. The CARES Act defines an "eligible person" as to mean:

"any individual other than (1) any nonresident alien individual, (2) any individual with respect to whom a deduction under section 151 is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins, and (3) an estate or trust."
26 U.S.C. § § 6428(d).

14. The CARES Act delegates the distribution of the EIP to the Department of Treasury of the United States and to the IRS in the "fastest possible manner". *See* 26 U.S.C. 6428(f)(3)(A).

15. The CARES Act set up a different mechanism for the distribution of the EIP for the residents of the territories, which include Puerto Rico. *See* 26 U.S.C. 6428(c)(1)(B) Accordingly, in the subsection "Other Possessions" it is established that Puerto Rico must send an EIP distribution plan, and that the Department of Treasury must approve it before the funds are distributed to the residents.  The Section reads:

"(c) TREATMENT OF POSSESSIONS.
(1) PAYMENTS TO POSSESSIONS.

(A) MIRROR CODE POSSESSION. The Secretary of the Treasury shall pay to each possession of the United States which has a mirror code tax system amounts equal to the loss (if any) to that possession by reason of the amendments made by this section. Such amounts shall be determined by the Secretary of the Treasury based on information provided by the government of the respective Possession.

(B) OTHER POSSESSIONS. The Secretary of the Treasury shall pay to each possession of the United States which does not have a mirror code tax system amounts estimated by the Secretary of the Treasury as being equal to the aggregate benefits (if any) that would have been provided to residents of such possession by reason of the amendments made by this section if a mirror code tax system had been in effect in such possession. The preceding sentence shall not apply unless the respective possession has a plan, which has been approved by the Secretary of the Treasury, under which such possession will promptly distribute such payments to its Residents.

[…]

(3) DEFINITIONS AND SPECIAL RULES.

(A) POSSESSION OF THE UNITED STATES. For purposes of this subsection, the term ''possession of the United States'' includes the Commonwealth of Puerto Rico and the Commonwealth of the Northern Mariana lands.

(B) MIRROR CODE TAX SYSTEM. For purposes of this subsection, the term ''mirror code tax system'' means, with respect to any possession of the United States, the income tax system of such possession if the income tax liability of the residents of such possession under such system is determined by reference to the income tax laws of the United States as if such possession were the United States.

(C) TREATMENT OF PAYMENTS. For purposes of section 1324 of title 31, United States Code, the payments under this subsection shall be treated in the same manner as a refund due from a credit provision referred to in subsection (b)(2) of such section.''

16. On May 1, 2020, the Department of Treasury approved the EIP Distribution Plan submitted by Hacienda.

17. The approved EIP Distribution Plan classifies those incarcerated persons amongst the ineligible persons to receive the EIP Funds. (*See* CFI-San Juan, Case Num. 2020SJCV-05860, Docket #27, Addendum 1 - Certification by Hacienda, filed on December 1, 2020., Attached as Exhibit 1 – Request for leave to file the document is in the original Spanish language and are currently being translated which will be submitted in no more than ten business days)

18. Just a few days after the approval of Hacienda's EIP Distribution Plan, the IRS announced on its website on May 6, 2020, more than five weeks after the passage of the CARES Act, that incarcerated individuals were ineligible for the EIP. The IRS's website said:

    > Q15. Does someone who is incarcerated qualify for the Payment?
    > A15. No. A Payment made to someone who is incarcerated should be returned to the IRS by following the instructions about repayments. A person is incarcerated if he or she is described in one or more of clauses (i) through (v) of Section 202(x)(1)(A) of the Social Security Act (42 U.S.C. § 402(x)(1)(A)(i) through (v)). For a Payment made with respect to a joint return where only one spouse is incarcerated, you only need to return the portion of the Payment made on account of the incarcerated spouse. This amount will be $1,200 unless adjusted gross income exceeded $150,000.

19. On May 8, 2020, Hacienda published its website, www.pagodeimpactoeconomico.com, to educate the public about the eligibility requirements for the EIP and to explain the distribution procedure to the residents of Puerto Rico.

20. The website listed the eligibility requirements for the EIP funds:

    a. resides in Puerto Rico during the entire tax year,
    b. has not been claimed as a dependent by another taxpayer,
    c. has a valid social security number,
    d. has an adjusted gross income below a particular threshold,
    e. has not passed away at the moment the EIP are distributed,
    f. **Is not currently incarcerated serving a period of incarceration for a conviction**. *(our emphasis)*

21. On August 1, 2020, a class action complaint was filed on behalf of all incarcerated persons against the Department of Treasury and the IRS in the United States District Court for the District of Northern California. (USDC-Northern District of Cal., Case #20-5309 (PJH), [Docket #1](#)).

22. The class members asked that the court issues an order enjoying the Department of Treasury and the IRS from denying eligible persons their EIP, solely because of their conditions as incarcerated persons.

23. In an order issued on September 24, 2020, the United States District Court Judge Phyllis Hamilton certified the class and granted a preliminary injunction against the Department of Treasury and the IRS enjoying them from denying the distribution of the EIP to the eligible class members, solely because of their incarcerated status. (USDC-NDC Case #20-5309 (PJH), [Docket #50](#))

24. On October 1, 2020, the Department of Treasury and the IRS [appealed](#) the preliminary injunction order and filed an emergency motion to stay pending appeal before the District Court. (USDC-NDC Case #20-5309 (PJH), Docket #78)

25. While the Scholl case continued its course, the IRS communicated to Hacienda that the IRS and the Department of Justice had filed an emergency motion to stay before the District Court and had appealed the preliminary injunction order issued. The communication also said that the agencies were analyzing the effect of the Scholl order on the incarcerated persons living in territories such as Puerto Rico. (*See* Exhibit 1)

26. On October 7, 2020, the District Court denied the government's motion to stay, and ruled that the Department of Treasury and the IRS must correct any incorrect information in the IRS's website to educate the public on the available methods an incarcerated person must

follow to apply for the EIP. The Court also ordered that the Department of Treasury and the IRS must notify the information with the federal and state correctional agencies. (USDC-Northern District Cal. Case #20-5309 (PJH), Docket #78)

27. The federal agencies appealed the District Court's denial of its emergency stay to the appealed to the Ninth Circuit Court of Appeals. (COA Case Number #20-16963, Docket #1, 6)

28. The Ninth Circuit Court of Appeals denied the Department of Treasury's interlocutory appeal for denial of emergency motion to stay on October 13, 2020. (COA Case Number #20-16963, Docket # 10).

29. The following day, the District Court granted the class action's motion for summary judgment ruling that the defendant's actions in denying the EIP benefits to incarcerated persons because of their incarcerated status "were contrary to law and in excess of its statutory authority", and "arbitrary and capricious". (USDC-NDC Case #20-5309 (PJH) Docket #50, pages 32-34)

30. On October 28, 2020, the IRS notified Hacienda that they had lost the emergency stay motion before the Ninth Circuit Court of Appeals, and that it did not have a definitive answer from the Department of Treasury as to the applicability of the Scholl orders in the territories. The IRS further advised Hacienda that per the approved EIP Distribution Plan, the distribution of EIP to incarcerated persons is not allowed. (*See* Exhibit 1)

31. During this period, the Department of Treasury and the IRS filed their respective motions to dismiss their appeals pending before the Ninth Circuit Court of Appeals.

32. Sometime between October and November incarcerated individuals detained by the federal authorities and housed at the Guaynabo Metropolitan Detention Center completed their requests for EIP directly to the IRS.

33. While the motion to dismiss the appeal was pending, a writ of *mandamus* was filed by the Plaintiff before the Court of First Instance of San Juan, Puerto Rico against the Hacienda for failure to distribute EIP funds exclusively because of their status as incarcerated persons, in violation of the *injunction* issued by the Scholl case. (CFI-San Juan, Case Num. 2020SJCV-05860, Docket #1)

34. On November 2, 2020, the Ninth Circuit Court of Appeals granted the dismissal of the pending appeals filed by the Department of Treasury and the IRS. (See Docket #14, COA Case #20-16963).

35. As a result of the local *Mandamus* complaint filed in the local court, on November 4, 2020, Hacienda contacted the IRS seeking guidance and clarification as to the Department of Treasury's position about the applicability of the injunction and summary judgment orders from the Scholl case to the persons deprived of liberty in Puerto Rico. Hacienda furthermore requested clarification because the approved EIP Distribution Plan classified incarcerated persons as ineligible individuals. (*See* Exhibit 1)

36. In a later communication, the IRS reiterated that the approved EIP Distribution Plan shows that incarcerated individuals were not eligible to receive the EIP. (*See* Exhibit 1)

37. In accordance with the CARES Act, Hacienda cannot distribute the EIP funds without the authorization by Department of Treasury.

38. In compliance with the Court of First Instance's Order, on December 3, 2020, Hacienda sent to the Department of Treasury and to the IRS an amended EIP Distribution Plan which

cuts the ineligibility classification of incarcerated persons to the EIP and proposed to the Department of Treasury that these persons be considered "eligible individuals" following the orders issued in the <u>Scholl.</u> (See CFI-San Juan, Case Num. 2020SJCV-05860, Docket #27, Certification by Hacienda, filed on December 4, 2020, Attached as Exhibit 2 - Request for leave to file the document is in the original Spanish language and are currently being translated which will be submitted in no more than five business days)

39. As of the filing of the current Declaratory Judgment complaint, the Department of Treasury and the IRS has not authorized the proposed amended EIP Distribution Plan sent by Hacienda.

40. As set up by Hacienda, all eligible person living in Puerto Rico may request their EIP before the December 31, 2020.

41. The purpose of this *writ of mandamus* and declaratory action is to ensure that all eligible residents of Puerto Rico, including those incarcerated personas, can apply for and to receive their EIP immediately. The relief sought is urgent because the request for funds must be made before the December 31, 2020 deadline set up by Hacienda

42. The relief sought will (1) ensure compliance with the federal court orders issued in <u>Scholl</u>; and (2) allow all incarcerated persons in Puerto Rico to apply for their EIP funds.

43. The writ of *mandamus* and the declaratory action in the present case stem from an actual controversy within this Honorable Court's jurisdiction. As fully set forth here, the dispute as to the right to receive the EIP by all incarcerated persons living in Puerto Rico is real, immediate, definite, concrete, and touch the legal relations of the parties here who have adverse legal interests.

**COUNT I – Improper Refusal to Amend the EIP Distribution Plan**

44. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth at length herein.

45. On May 1, 2020, the Department of Treasury approved a EIP Distribution Plan submitted by Hacienda to regulate disbursement procedure of the EIP to the residents of Puerto Rico.

46. The approved EIP Distribution Plan's definition of "ineligible persons" to receive the EIP includes incarcerated persons.

47. A federal court found the actions by the Department of Treasury and the IRS which denied incarcerated individuals from receiving their EIP, solely because of their condition of incarcerated persons, were contrary to the statutory language of the CARES Act. As such, the Court enjoyed these agencies from denying the class members (all incarcerated persons) from being denied their EIP, solely because of their incarcerated status. *See* USDC-NDC Case #20-5309 (PJH) Docket #50, pages 32-34.

48. The Scholl v Mnuchin decision applies to those incarcerated individuals in Puerto Rico.

49. Wherefore, Mr. Rivera Kin-Kon requests that the Court enter a judgment declaring that the Department of Treasury and the IRS actions are in violation of the injunctive order entered by a federal court in Scholl v. Mnunchin,

**COUNT II**

50. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth at length herein.

51. On May 1, 2020, the Department of Treasury approved a EIP Distribution Plan submitted by Hacienda to regulate disbursement procedure of the EIP to the residents of Puerto Rico.

52. The EIP Distribution Plan's definition of "ineligible persons" to receive the EIP includes incarcerated persons.

53. Following a local court order, Hacienda submitted an amended EIP Distribution Plan removing the language that defines incarcerated persons as "ineligible persons", following the directives of Scholl v. Mnuchin.

54. The Department of Treasury and the IRS continues to deny eligible residents of Puerto Rico from receiving the EIP as they delay the approval of the proposed amendment submitted by Hacienda.

55. Mr. Rivera Kon-Kin has no other choice but to request the Court's aid.

56. Mr. Rivera Kon-Kin has already filed a local writ of *mandamus* complaint against Hacienda to secure his ability to receive the EIP. Nevertheless, Hacienda is not allowed to distribute the eligible EIP because it is bound by the approved EIP Distribution Plan which disqualifies all incarcerated individuals from receiving this benefit. Hacienda submitted an amendment to the EIP Distribution Plan to follow the Scholl v. Mnunchin orders. Mr. Rivera Kon-Kin has "no other adequate means to attain the relief he desires." *See* Kerr v. United States Dist. Court for Northern Dist. of Cal., 426 U.S. 394, 403 (1976)). Without the immediate aid of this Court, the Department of Treasury and the IRS can simply run out the clock and deprive Mr. Rivera Kon-Kin of their EIP.

57. Mr. Rivera Kon-Kin's petition for a writ of *mandamus* stems from the Department of Treasury and the IRS's non-compliance with a federal court order. The federal agencies have no discretion on this matter and their delay on the approval of a requested amendment that purports to follow the Scholl v. Mnunchin orders is arbitrary and illegal. Mr. Rivera Kon Kin's right to the issuance of writ of mandamus is clear and indisputable. Kerr, 426 U.S. at 403

58. Mr. Rivera Kon-Kin has no other mechanism to request relief. A writ of *mandamus* is the proper vehicle to ensure that he can request his EIP before the December 31, 2020 deadline.

59. Wherefore, Mr. Rivera Kin-Kon requests that the Court issues a writ of *mandamus* against the Department of Treasury and the IRS and orders that they approve the amendment to the EIP Distribution Plan submitted by Hacienda on December 3, 2020, to following the injunctive orders entered in Scholl v. Mnunchin,

**WHEREFORE**, Plaintiff prays for the entry of a declaratory judgment and writ of *mandamus* by this Court finding and declaring as follows:

a. That the Scholl v. Mnuchin injunctive relief orders apply to all incarcerated persons, regardless of their place of residence.

b. That the Department of Treasury authorizes the Amended EIP Distribution Plan submitted by Hacienda on December 3, 2020.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 16th day of December 2020.

*s/ Diego H. Alcalá Laboy*
Diego H. Alcalá Laboy
*Pro Bono Counsel for Marcel Rivera Kin-Kon*
P.O. Box 12247
San Juan, PR 00914
Tel.: (787) 432-4910
USDC-PR No. 300504
dalcala@defensorialegal.com

## VERIFICATION BY COUNSEL

It is hereby stated that:

1. Mr. Marcel Rivera Kon-Kin is an inmate at Institution 501 of the Bayamón Correctional Facility, located at Bayamón, Puerto Rico.
2. The undersigned attorney is unable to personally meet with Mr. Rivera Kon-Kin because Puerto Rico's Executive Order Number 2020-087, prohibits all visits to all correctional facilities in Puerto Rico until January 7, 2020.
3. The undersigned was informed by the Department of Corrections and Rehabilitation staff that they could not produce Mr. Rivera Kon-Kin's signature by way of email because they could not print an emailed document because the Institution did not own a printer.
4. Mr. Rivera Kon-Kin was represented by the undersigned counsel in the writ of *mandamus* filed in the Court of First Instance of San Juan, Puerto Rico, Case number: Case Num. 2020SJCV-05860.
5. Mr. Rivera Kon-Kin is aware of the content of the present cause of action and agrees to the content therein.
6. Mr. Rivera Kon-Kin has authorized through telephone and through his family members that the undersigned to file the present complaint on his behalf.

On behalf of Mr. Rivera Kon-Kin, I attest that all the above is the truth and nothing but the truth. In testimony thereof, I sign the foregoing in San Juan, Puerto Rico this 16th day of December 2020.

S/Diego H. Alcalá Laboy
Diego H. Alcalá Laboy